An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

VAULT CORPORATION, A NEVADA CORPORATION; VAULT INTERNATIONAL, LLC, A LIMITED LIABILITY COMPANY; KEVIN SULLIVAN, AN INDIVIDUAL; RICK ALLEN, AN INDIVIDUAL; AND INTERNATIONAL RESOURCES, LLC, A NEVADA LIMITED LIABILITY COMPANY,

Appellants,

vs.

ELLI M.A. MILLS,

Respondent.

No. 65126

**FILED**

MAY 2 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER DISMISSING APPEAL*

Counsel for respondent has filed a notice informing this court that each appellant has filed Chapter 11 bankruptcy petitions (Case Nos. BK-N-14-50098, 50099, 50100, 50101 and 50103). The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Financial Corp. v. Miller Mining, Co. Inc.*, 817 F.2d 1424 (9th Cir. 1987). It appears that appellants were defendants below. Therefore, this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law. In the notice, respondent also indicates that no party has filed a motion to lift the automatic stay with the bankruptcy court. Further, respondent avers that dismissal of this appeal due to the bankruptcy stay would not prejudice appellants. We note that appellants

14-16605

were served with a copy of respondent's notice and have not filed any response.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of the statute [11 U.S.C. §362(a)"]; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case").

Accordingly, we dismiss this appeal. This dismissal is without prejudice to appellants' right to move for reinstatement of this appeal upon either the lifting of the bankruptcy stay or final resolution of the

---

[1] The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* At 755-6.

bankruptcy proceedings, if appellants deem such a motion appropriate at that time.[2]

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Patrick Flanagan, District Judge
     Robert L. Eisenberg, Settlement Judge
     Woodburn & Wedge
     Armstrong Teasdale, LLP/Reno
     Robison Belaustegui Sharp & Low
     Washoe District Court Clerk

---

[2]Any such motion to reinstate the appeal must be filed within 60 days of entry of an order lifting of the stay or conclusion of the bankruptcy proceedings.